JUDGE CEDARBAUM

12 CV 8355

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KEITH MCKUNE,

**COMPLAINT**

                     Plaintiff,

- against -

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S) #1-4,

                     Defendants.
-----------------------------------------------------------------------X

RECEIVED NOV 15 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2. That at all times herein mentioned, Plaintiff, **KEITH MCKUNE**, was, and still is, a resident of the City, County and State of New York.

3. That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That prior hereto on August 3rd, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter

said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on September 24, 2012, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **KEITH MCKUNE**, for which Plaintiff appeared and testified.

6. That upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK**, owned and operated a police department within the City of New York, known as the New York City Police Department, which includes the "44th precinct," and whose police headquarters are located at 2 East 169th Street Bronx, NY 10452.

7. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

8. That, upon information and belief, at all times herein mentioned, the individuals: **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, underwent a training program in order to become Police officers, detectives, and/or agents and

2

employees of Defendant, **CITY OF NEW YORK**, that included the proper procedures by which to approach, question, search, investigate and if necessary, detain an individual suspected of a crime, and when, if ever, an arrest is warranted.

9. That on or about July 24th, 2012, at approximately 8:00 p.m., while Plaintiff, **KEITH MCKUNE**, was a pedestrian lawfully walking to a deli with his 13 year old nephew in the vicinity of Grant Street and McClellan in the City of New York, County of Bronx, and State of New York.

10. That on or about July 24th, 2012, at the above-mentioned time and location, Plaintiff was introduced to a man by a nearby friend. Within seconds of shaking this man's hand, Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, approached Plaintiff in an unmarked vehicle van.

11. That on or about July 24th, 2012, at the above-mentioned date and location, as Plaintiff, **KEITH MCKUNE**, was yelled at to "get up against the car" by one of the Defendant **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**.

12. **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, then proceeded to search and handcuff Plaintiff, **KEITH MCKUNE**, without reading him his *Miranda* Rights. The full body search of Plaintiff, **KEITH MCKUNE**, yielded no results of anything unlawful.

13. That on or about July 24th, 2012, approximately eight other police officers arrived on the scene and placed Plaintiff, **KEITH MCKUNE**, on the sidewalk. When Plaintiff asked why he was bring arrested, Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, stated he was being arrested for selling drugs. Plaintiff, **KEITH MCKUNE**, stated repeatedly

that he did not sell any drugs, to which the Defendant **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4** responded "that's what all drug dealers say."

14. That on or about July 24th, 2012, at the above-mentioned date and location, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, placed Plaintiff, **KEITH MCKUNE**, into a van and drove him to the 44th precinct where he was placed in a cell where he was held for approximately two hours.

15. Plaintiff, **KEITH MCKUNE**, was then transferred to Central Booking on 161st Street by Defendant, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**. Plaintiff was fingerprinted, photo taken, retinal scan taken, and placed in a cell where he was held for approximately two hours.

16. Plaintiff, **KEITH MCKUNE**, was then transferred cells and floors approximately two times where he remained for approximately another five hours. A female office then removed Plaintiff from a cell and told him to exit out a side door of Central Bookings where Plaintiff walked home.

17. That the aforesaid acts and/or omissions of the New York City Police Department, and Defendants, **CITY OF NEW YORK and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, resulted in the unlawful and unconsented arrest of Plaintiff's, **KEITH MCKUNE**, intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiff and the general public, and Plaintiff's cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted excessive and unwarranted force upon Plaintiff, all of which was totally without Plaintiff's consent, resulting in injuries as well

as psychological trauma resulting in psychiatric residuals, manifestations and overlay with periods of uncontrolled feelings of depression, feelings of worthlessness, lessening of self-esteem, which will have life-long effects upon Plaintiff including but not limited to his ability to resume a normal and productive life, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth herein below.

18. That the New York City Police Department, and Defendant, **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in negligently conducting police duties; in failing to properly investigate prior to an arrest; and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

19. That at all times mentioned herein, and based particularly on the July 24, 2012 events as more fully set forth hereinabove, the New York City Police Department and Defendant, **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the foregoing events of the individuals: **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and/or other Police

Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

20. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of false arrests with otherwise lawfully present citizens, and other related inappropriate behavior.

21. That, upon information and belief, at all times mentioned herein and particularly prior to July 24, 2012, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future, and failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of false arrests with lawfully present pedestrians, including Plaintiff, and other related inappropriate behavior.

22. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, had actual as well as constructive notice and knowledge concerning the dangerous propensities and use of excessive force of its Police Officer(s),

Detectives, and/or other agents and/or employees prior to July 24, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

23. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **KEITH MCKUNE**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **KEITH MCKUNE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE ARREST

24. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

25. That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and placed in a Police Vehicle and taken to the 44th Precinct office of the New York City Police Department, located at 2 East 169th Street Bronx, NY 10452, but was never read his *Miranda* rights.

26. That Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, arrested Plaintiff, **KEITH MCKUNE**, and then confined him in a prison cell, despite the fact that Plaintiff never

7

made demonstrated any illegal behavior to suggest there was in fact probable cause to arrest by Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, who abused their authority by falsely arresting Plaintiff.

27. That on or about July 24, 2012, at approximately 8:30 p.m., the individuals: **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, accused and arrested plaintiff, **KEITH MCKUNE**, of having committed a criminal act(s), well knowing that Plaintiff committed no such criminal act(s) and were acting within the scope of their employment with the New York City Police Department, and Defendant, **CITY OF NEW YORK**.

28. That, upon information and belief, on or about July 24th, 2012, Plaintiff, **KEITH MCKUNE**, was detained initially at the 44th Precinct office of the New York City Police Department, located at 2 East 169th Street Bronx, NY 10452, where he remained in custody for approximately two-four (2) hours until he was transferred to the Central Booking for a period of approximately seven (7) hours.

29. That, upon information and belief, on or about July 25, 2012, Plaintiff, **KEITH MCKUNE**, was released from Central Booking and was never formally charged with any crime.

30. That, under the circumstances herein, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, falsely arrested, Plaintiff, **KEITH MCKUNE**, and he sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity, and that as a result of the foregoing, the Plaintiff, **KEITH MCKUNE**, has sustained damages, which exceed the jurisdictional limit of this Court,

exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

31. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

32. That as a result of the foregoing, Plaintiff, **KEITH MCKUNE**, was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

33. That as a result of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **KEITH MCKUNE**, has sustained damages for serious personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE IMPRISONMENT

34. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

35. That as a result of the foregoing, Plaintiff, **KEITH MCKUNE**, was held, detained and incarcerated by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, against his will and without just or any cause.

36. That Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, intentionally confined Plaintiff, **KEITH MCKUNE**, who was aware of such confinement, within the definite physical boundaries of a police precinct, criminal courthouse holding cell, jail cell, central bookings, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

37. That as a result of the foregoing, Plaintiff, **KEITH MCKUNE**, was falsely imprisoned by the defendants herein, against his will and without just or any cause.

38. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **KEITH MCKUNE**, has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **KEITH MCKUNE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

40. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, Plaintiff, **KEITH MCKUNE**, suffered severe emotional

and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

41. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff, **KEITH MCKUNE**, suffered severe emotional and/or mental distress, all of which may be permanent in nature, and that as a result of the foregoing, the Plaintiff, **KEITH MCKUNE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

### AND AS FOR A SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

42. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

43. That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **KEITH MCKUNE**, all because of his race as an African-American, which was violative of Plaintiff's, **KEITH MCKUNE**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

44. That by reason of the foregoing, Plaintiff, **KEITH MCKUNE**, a citizen of the United States who had resided in the City of New York, County of Bronx, and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

11

45. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **KEITH MCKUNE**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **KEITH MCKUNE**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

**WHEREFORE**, Plaintiff, **KEITH MCKUNE**, demands judgment against Defendants, **CITY OF NEW YORK and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed ONE MILLION TWO HUNDRED THOUSAND ($1,200,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
November 6, 2012

Yours, etc.

_____
EVAN H. NASS, ESQ. (EN0857)

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, KEITH MCKUNE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED: New York, New York
November 6, 2012

EVAN H. NASS, ESQ. (EN0857)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH MCKUNE,

                Plaintiff,

– against –

CITY OF NEW YORK, ET AL.
                Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
KEITH MCKUNE
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.