UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KEITH MCKUNE,

                           Plaintiff,

- against -

CITY OF NEW YORK,
SERGEANT JOSEPH DECANDIA (TAX ID: 936447),
SERGEANT FRANCISCO PEREZ (TAX ID: 924326),
DETECTIVE IVELISSE RODRIGUEZ (TAX ID: 933533),

                           Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

12 Civ. 8355 (MGC)

Plaintiff, KEITH MCKUNE, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, KEITH MCKUNE, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about July 25, 2012, at approximately 9:00 p.m., Plaintiff was walking down the street when he was searched, arrested and processed for felony charges that were ultimately dismissed. Plaintiff was falsely arrested by Defendants including, but not limited to, SERGEANT JOSEPH DECANDIA (TAX ID: 936447), SERGEANT FRANCISCO PEREZ (TAX ID: 924326), and DETECTIVE IVELISSE RODRIGUEZ (TAX ID: 933533). It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights. While in custody, Plaintiff was detained for approximately ten (10) hours before being let out the side door of the central bookings.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff at all times relevant hereto resided at 1113 Grant Avenue in the County of the Bronx, and in the City and State of New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant SERGEANT JOSEPH DECANDIA (TAX ID: 936447), was an NYPD police officer with the 9th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

6. Defendant SERGEANT FRANCISCO PEREZ (TAX ID: 924326), was an NYPD police officer with the Narcotics Borough Bronx Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

7. Defendant DETECTIVE IVELISSE RODRIGUEZ (TAX ID: 933533), was an NYPD police officer with the Narcotics Borough Bronx Police Precinct, and at all

2

relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

8. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about July 24th, 2012, at approximately 8:00 p.m., while Plaintiff, KEITH MCKUNE, was a pedestrian lawfully walking to a deli and basketball court with his 13 year old nephew in the vicinity of Grant Street and McClellan in the City of New York, County of Bronx, and State of New York

10. Plaintiff was introduced to a man by a nearby friend. Within seconds of shaking this man's hand, Defendants, SERGEANT JOSEPH DECANDIA (TAX ID: 936447), SERGEANT FRANCISCO PEREZ (TAX ID: 924326), DETECTIVE IVELISSE RODRIGUEZ (TAX ID: 933533), approached Plaintiff in an unmarked vehicle van.

11. Plaintiff, **KEITH MCKUNE**, was yelled at to "get up against the car" by Defendant(s).

12. Defendants then proceeded to search and handcuff Plaintiff, KEITH MCKUNE, without reading him his Miranda Rights. The full body search of Plaintiff, KEITH MCKUNE, yielded no results of anything unlawful.

13. Approximately eight other police officers arrived on the scene and placed Plaintiff, **KEITH MCKUNE,** on the sidewalk. When Plaintiff asked why he was being arrested, Defendants stated he was being arrested for selling drugs. Plaintiff, **KEITH**

3

MCKUNE, stated repeatedly that he did not sell any drugs, to which the Defendants responded "that's what all drug dealers say."

14. Plaintiff, **KEITH MCKUNE,** was placed into a van and drove him to the 44th precinct where he was placed in a cell where he was held for approximately two hours.

15. Plaintiff, KEITH MCKUNE, was then transferred to Central Booking on 161st Street by Defendants where Plaintiff was fingerprinted, photo taken, retinal scan taken, and placed in a cell where he was held for approximately two hours and charged with a Felony drug charge.

16. Plaintiff, **KEITH MCKUNE,** was then transferred cells and floors approximately two times where he remained for approximately another five hours. A female officer then removed Plaintiff from a cell and told him to exit out a side door of Central Bookings where Plaintiff walked home.

17. That heretofore and on the August 3rd, 2012, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby re-alleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately ten hours.

21. That in detaining Plaintiff for approximately ten hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

22. Upon information and belief, it was the policy and/or custom of Defendants CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of

Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby re-alleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29. That Defendants intended to confine Plaintiff.

30. That Plaintiff was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

34. Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

35. That Defendant Officers were acting in furtherance of the duties owed to their employers, Defendant CITY.

36. That at all times, all Defendants were acting within the scope of their employment.

37. That Defendant CITY were able to exercise control over Defendant Officers' activities.

38. That Defendant CITY are liable for Defendant Officers' actions under the doctrine of respondeat superior.

39. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from August 3, 2012; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       March 21, 2013

                         Yours, etc.

                         _____
                         EVAN H. NASS
                         *ATTORNEY FOR PLAINTIFF*
                         NASS & ROPER LAW, LLP
                         14 PENN PLAZA, SUITE 2004
                         NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, KEITH MCKUNE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED: New York, New York
March 21, 2013

EVAN H NASS, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEITH MCKUNE,

                                      **Plaintiff,**

– against –

CITY OF NEW YORK, ET AL.

                                      **Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**KEITH MCKUNE**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.